UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>        Plaintiff,<br><br>    v.<br><br>WILSON, et al.,<br><br>        Defendant. | Case No.: 1:16-cv-00672-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 11] |

Plaintiff Antwoine Bealer is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for reconsideration of the Court's August 26, 2016, screening order dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim, filed September 12, 2016. (ECF Nos. 10, 11.)

**I.**

**DISCUSSION**

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Plaintiff disagrees with the Court's decision and seeks reconsideration of the order dismissing his original complaint, with leave to amend. In screening Plaintiff's complaint, the Court carefully considered Plaintiff's allegations, construed the allegations in light of Plaintiff's pro se status, and explained why the complaint failed to comply with the applicable Federal Rules of Civil Procedure, along with a statement of the law applicable to any potential claims. As stated in the Court's August 26, 2016, order, "the fact that Plaintiff contends certain food and supplements were confiscated, alone, does not give to a claim for cruel and unusual punishment." (ECF No. 10, Order at 3:23-26.) Simply stated, Plaintiff's inadequate nutrition claim was too vague to proceed as it was articulated in the original complaint. This is not a situation in which Plaintiff was deprived of notice and an opportunity to amend. If Plaintiff disagrees with the Court's finding in the screening order, Plaintiff's remedy is to file an amended complaint. Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices). Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. Accordingly, Plaintiff's motion for reconsideration shall be denied.

///

///

///

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the Court's August 26, 2016, order is DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2016**

UNITED STATES MAGISTRATE JUDGE